UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br>CDCR #BC-6583,<br>BOOKING #14745493,<br>　　　　　　　　　　Plaintiff,<br>vs.<br>SHERIFF KELLY MARTINEZ, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 24CV1241-TWR (MMP)<br><br>**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A** |

　　　　Plaintiff Pedro Rodriguez, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and has paid the civil filing fee. (ECF Nos. 1-2.) Plaintiff claims that while housed at the San Diego Central Jail, Defendants violated the First, Sixth, Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA") when they obstructed Plaintiff's access to the courts in retaliation for filing grievance and lawsuits and were deliberately indifferent to a risk of sexual assault. (*See* ECF No. 1.) Plaintiff has also filed a Request for Legal Status Update asking for issuance of a summons and a Request for Judicial Notice of his declaration. (ECF Nos. 3-4.)

1

## I. Screening Pursuant to 28 U.S.C. § 1915A

### A. Standard of Review

The Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing () or () as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017), quoting 28 U.S.C. § 1915A(b).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). There must be more than "labels and conclusions" or "a formalistic recitation of the elements of a cause of action," to plausibly state a claim, because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678.

"Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged - but it has not 'show(n)' - 'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.    Discussion

Plaintiff, a "non-binary Mexican who suffers neuropathy of hands & feet and muscle depressive disorder," alleges that at 1:05 a.m. on May 20, 2024, Defendant San Diego County Sheriff's Deputy Frias attempted to house transgender inmate Vega in Plaintiff's single cell "with disregard for plaintiff's history of victimization," which Frias could have verified as Plaintiff was assaulted in the past. (ECF No. 1 at 5, 11.) While at the San Diego Central Jail "petitioner has been housed TXG non-binary single cell with jail population management unit (JPMU) override do not change high risk for sexual victimization." (*Id*. at 5.) Defendant Frias, with the approval of Defendant San Diego County Sheriff's Deputy Tacamantez, issued a disciplinary report against Plaintiff for refusing the housing assignment despite Plaintiff's housing designation and despite the fact that inmate Vega later assaulted another inmate. (*Id*. at 5-6.) Defendant San Diego County Sheriff's Deputy Moreno refused to document Plaintiff's safety concern "that historically transgender female prisoners who do not identify non-binary have presented themselves naked during lockdown aggressively pursuing sex in exchange for petitioner's commissary or petitioner's medication becoming aggressive and violent at being refused. Petitioner has been assaulted." (*Id*. at 6.) Moreno told Plaintiff it was not in his job description to document Plaintiff's safety concerns. (*Id*.) Plaintiff alleges "there is an underground custom or policy to place any trans prisoner regardless of threat with non-binary prisoners and refusing to document concerns. Petitioner has previously been assaulted." (*Id*. at 7.)

Plaintiff alleges that on May 28, 2024, Defendant Tacamantez generated a false report that Plaintiff was in possession of 25 bags of mail and "was to disperse it at his own

expense or have it deemed abandoned." (*Id*.)  On June 14, 2024, Tacamantez, with the approval of Defendant San Diego County Sheriff's Deputy Lieutenant Kamoss and Defendant San Diego County Sheriff's Deputy Facility Captain Smith, allegedly removed "10 bags of legal work product petitioner is actually utilizing to petition separate court in case #22-55658 USCA 9th Cir and petition the court per court order D083630." (*Id*.) Plaintiff alleges Defendants Frias, Tacamantez, Moreno, Kamoss, Smith and Defendant San Diego County Sheriff Martinez "are participating in conspiracy to stop petitioner presenting claims to court and evidence to attorney's Rosen Bien Galvan & Grunfeld." (*Id*.)  Plaintiff references and attaches as exhibits to the Complaint legal documents, a disciplinary report for interfering with jail operations by refusing a cellmate, copies of correspondence with counsel, newspaper articles, as well as grievances complaining of legal mail delivered late and returned to sender, and of the removal of legal material from Plaintiff's cell because Plaintiff had not been granted pro per status in any current criminal case. (ECF Nos. 1-2, 1-3, 1-4, 1-5.)

Plaintiff claims Defendants: (1) violated the First Amendment by removing legal work product from Plaintiff's cell and losing legal mail in retaliation for using grievance procedures and contacting the courts about sentencing and conditions of confinement, (2) interfered with access to the courts in violation of the First and Sixth Amendments, (3) were deliberately indifferent to a risk of sexual assault in violation of the Eighth Amendment, (4) violated the ADA, and (5) violated equal protection. (*Id*. at 11-27.)

### 1) Eighth Amendment failure to protect

Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment by the Defendants' deliberate indifference to the risk of sexual assault when they tried to house a transgender inmate in Plaintiff's cell who posed a risk of sexual assault. (ECF No. 1 at 5-6.) Plaintiff's safety concern was based on past incidents of transgender female prisoners assaulting non-binary inmates. (*Id*.)

Under the Cruel and Unusual Punishments Clause of the Eighth Amendment "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners"

and to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. *Id*. at 834, 837 (holding that a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

The allegations that Defendants attempted but failed to house a transgender inmate in Plaintiff's cell which posed a risk of sexual assault because non-binary inmates such as Plaintiff are at risk of sexual assault by transgender inmates, fails to plausibly allege Plaintiff was injured by that attempt, much less that the injury was sufficiently serious to rise to the level of an Eighth Amendment violation. The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act . . . *and* (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (emphasis added). Plaintiff refused the cell assignment, which did not take place, so there was never a danger of assault and no assault occurred. Although the Supreme Court has found a prisoner does not need to wait to be assaulted before seeking injunctive relief from a dangerous condition of confinement, *see Farmer*, 511 U.S. at 845, Plaintiff has not alleged he is unable to refuse such cell assignments. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007). Although a disciplinary report was generated charging Plaintiff with interference with jail operations by refusing a cellmate, prison disciplinary procedures do not confer any substantive constitutional rights upon prisoners and do not generally provide a basis for liability under § 1983 absent a due process violation. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997) ("[A] prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports."), aff'd, 168 F.3d 498 (9th Cir. 1999).

| | |
|---|---|
| 1 | The Complaint also alleges that the attempt to house a transgender inmate in Plaintiff's cell was due to "an underground custom or policy to place any trans prisoner regardless of threat with non-binary prisoners and refusing to document concerns. Petitioner has previously been assaulted." (ECF No. 1 at 7.)  To sue a governmental unit or municipality a prisoner must allege facts which show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the agency or a "final decision maker." *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). The Complaint fails to state a claim in this context because as set forth above Plaintiff has failed to allege any facts which might plausibly show a constitutional right was violated since the transgender inmate was not housed in Plaintiff's cell.  *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quote marks omitted). |

Accordingly, Plaintiff's Eighth Amendment claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim.  *Wilhelm*, 680 F.3d at 1121.

### 2)  Access to Courts and Right to Counsel

The Complaint alleges Defendants violated Plaintiff's First Amendment right of access to the courts and Sixth Amendment right to counsel when they removed "10 bags of legal work product petitioner is actually utilizing to petition separate court in case #22-55658 USCA 9th Cir and petition the court per court order D083630," and because they "are participating in conspiracy to stop petitioner presenting claims to court and evidence to attorney's Rosen Bien Galvan & Grunfeld." (ECF No. 1 at 7.)  Plaintiff attaches as exhibits legal documents, correspondence with the law firm of Rosen, Bien, Galvan & Grunfeld, and grievances regarding interference with legal mail, contending they establish interference with access to counsel and the courts.  (ECF Nos. 1-2, 1-3, 1-4, 1-5.)

/ / /

Prisoners have a federal constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996). However, they must allege "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Id.* at 348; *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (actual injury is an "inability to file a complaint or defend against a charge.")

Plaintiff alleges Defendants interfered with legal paperwork, legal mail, and efforts to contact the courts and attorneys, and attaches over one hundred pages of material in support as exhibits, but without identifying any claim that was interfered with and the nature of that interference. The reference in the Complaint to "case #22-55658 USCA 9th Cir and petition the court per court order D083630," is to Plaintiff's habeas case filed in this Court, *Rodriguez v. Fisher*, Civil Case No. 21cv1442-CAB (MSB).[1] That case was dismissed on the basis that the petition was filed 531 days after the statute of limitations expired on February 13, 2020 (*see id.* ECF No. 54), and the dismissal was upheld on appeal after the Ninth Circuit appointed counsel (*see id.* ECF Nos. 61, 69), but there are no factual allegations in the instant Complaint that any Defendant took any action which interfered with the litigation of that case.

The nature and description of the underlying claim which was lost or interfered with must be set forth in a complaint "just as if it were being independently pursued." *Christopher v. Harbury*, 536 U.S. 403, 417 (2002). Plaintiff is not permitted to merely cite to exhibits and rely on their contents as a substitute for factual allegations. *See Arnold v. Hearst Magazine Media, Inc.*, No. 19cv1969-JAH (MDD), 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.") In sum, Plaintiff does not plausibly allege that the lack of contact with an attorney or court, or the interference with legal paperwork or legal mail, caused an "inability to file a complaint or defend against a charge," or otherwise frustrated a

---

[1] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of court records).

nonfrivolous legal claim. *Jones*, 393 F.3d at 936; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal" to an access to courts claim), quoting *Lewis*, 518 U.S. at 353 & n.4; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a 42 U.S.C. § 1983 claim); *Harbury*, 536 U.S. at 417 (the nature and description of the underlying non-frivolous claim which was lost or frustrated must be alleged "as if it were being independently pursued.")

Neither does the Complaint plausibly alleged denial of Plaintiff's Sixth Amendment right to counsel by the vague and conclusory allegations of interference with the ability to communicate with counsel. *See United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995) (to state a Sixth Amendment claim requires a showing of ineffective assistance of counsel or a complete absence of counsel at a critical stage); *Stanley v. Vining*, 602 F.3d 767, 770 (9th Cir. 2010) (vague and conclusory allegations that prison official's conduct created a barrier to prisoner's relationship with counsel failed to state a cognizable § 1983 claim for deprivation of the right to counsel); *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977) (holding that plaintiff could not state a § 1983 claim for violation of the Sixth Amendment right to counsel without a showing of prejudice).

Plaintiff's First and Sixth Amendment claims for denial of access to courts and interference with counsel are dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm*, 680 F.3d at 1121.

   **3) Retaliation**

Plaintiff alleges retaliation for having pursued inmate grievances and lawsuits. (ECF No. 1 at 11-12.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (2005).  The adverse action need not be an independent constitutional violation.

*Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a chilling effect on First Amendment rights.") Plaintiff must allege a retaliatory motive, that is, a causal connection between the adverse action and protected conduct. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

The filing of an inmate grievance is protected conduct. *See Rhodes*, 408 F.3d at 568; *Watison*, 668 F.3d at 1114 ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so.") Disciplinary actions and intentional interference with legal mail and papers can constitute adverse actions. *See e.g. Stevenson v. Harmon*, No. 07cv1619 W (NLS), 2009 WL 10700432, at *4 (S.D. Cal. July 30, 2009) (noting that prison disciplinary proceedings constitute adverse action). However, Plaintiff's allegations of retaliation are entirely conclusory with respect to motive, as there are no allegations that any Defendant took any action because of Plaintiff's protected conduct. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity); *see also Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting th[e] plausibility standard). Absent factual allegations plausibly alleging a causal connection between the adverse actions and Plaintiff's protected conduct, the Complaint fails to state a retaliation claim. *Watison*, 668 F.3d at 1114; *Rhodes*, 408 F.3d at 568.

Plaintiff's First Amendment retaliation claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm*, 680 F.3d at 1121.

### 4) ADA

The Complaint alleges that Defendants' actions amount to deliberate indifference in violation of the ADA to Plaintiff's ability to pursue resentencing in state court. (ECF No. 1 at 22-25.) To state a claim under the ADA, Plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs,

or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The Complaint fails to state an ADA claim because it fails to plausibly allege any action by any Defendant was taken by reason of Plaintiff's disability. *Id*. The allegations as to that element of this claim are entirely conclusory. *See Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting th[e] plausibility standard).

In addition, the Complaint indicates Defendants are sued in their individual and official capacities, but also indicates the ADA claim is brought against Defendants only in their official capacities. (ECF No. 1 at 2, 22, 24.) Plaintiff may not pursue an ADA claim against the individual Defendants in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that the "ADA applies only to public entities.") To the extent naming the Defendants in their official capacities is an attempt to sue Defendant County of San Diego for an ADA violation, although a public entity can be liable under the ADA for the vicarious acts of its employees, Plaintiff must still prove intentional discrimination. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138, 1141 (9th Cir. 2001). The public entity's actions "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*. at 1139 (noting that intentional discrimination under the ADA is similar to the deliberate indifference standard requiring knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood). As noted, the Complaint does not plausibly allege deliberate indifference to Plaintiff's needs as a disabled person and is in fact entirely conclusory regarding why Plaintiff contends any Defendant acted because of a disability. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.)

Plaintiff's ADA claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm*, 680 F.3d at 1121.

### 5) Equal protection

Finally, the Complaint alleges the Defendants' actions violated equal protection principles because Plaintiff is Mexican and non-binary. (ECF No. 1 at 25-27.) "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994). Because Plaintiff's discrimination claim is wholly conclusory without any supporting factual allegations whatsoever with respect to why he claims Defendants acted with a discriminatory animus, Plaintiff has not alleged facts which plausibly support a claim that any Defendant took any action because of Plaintiff's protected status. *Id.*; *see also Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a claim.)

Plaintiff's equal protection claim is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A for failure to state a claim. *Wilhelm*, 680 F.3d at 1121.

### C. Leave to Amend

In light of Plaintiff's pro se status, the Court grants leave to amend to attempt to cure the pleading deficiencies identified in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

/ / /

## II. Requests for legal status update and judicial notice

Plaintiff has also filed a Request for Legal Status Update indicating that no summons has been issued in this case and requests seven copies of the summons to use to serve the Complaint on the Defendants. (ECF No. 3.) Because the Court will not issue a summons for service unless and until the Complaint passes screening pursuant to 28 U.S.C. § 1915A, the Request is **DENIED** without prejudice as premature. *See Martirosyan v. Baries*, No. 21-cv-6433-PA-MAR, 2022 WL 2189537, at *4 (C.D. Cal. May 2, 2022) (request to issue summons premature until screening process is complete).

Plaintiff has also filed a Request for judicial notice of his own declaration describing an August 28, 2024, incident where Plaintiff refused to accept a transgender gang member cellmate, contending it can be used to draw an inference of Defendants' deliberate indifference to the risks of sexual assault at the jail. (ECF No. 4.) Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because Plaintiff's declaration does not satisfy that standard, the request for judicial notice is **DENIED** without prejudice to Plaintiff to include those allegations in an amended complaint if Plaintiff contends they are relevant to any claim.

## III. Conclusion and Order

Good cause appearing, the Court **DENIES** Plaintiff's Request for legal status (ECF No. 3), **DENIES** Plaintiff's Request for judicial notice (ECF No. 4), **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's First Amended Complaint must be complete by itself without reference to any prior pleading, and any defendants not named and any claims not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*,

896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")  If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A and Plaintiff's failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated:  October 4, 2024

_____
Honorable Todd W. Robinson
United States District Judge